ANNA WHITE *vs.* PHILADELPHIA, BALTIMORE and WASHINGTON RAILROAD COMPANY.

1.  EVIDENCE—RELEASE—PROOF.
    A personal injury release is admissible, although its execution is proved by only one of its subscribing witnesses.

2.  PLEADING—RELEASE—AMENDMENT OF REPLICATION.
    After plaintiff has rested and defendant has put in its evidence on plea of release, it is too late for plaintiff to amend the replication, by filing a special plea of *non est factum*, to warrant evidence attacking the execution of the release.

*(April 9, 1918.)*

Judges BOYCE and CONRAD sitting.
*Wilbur L. Adams* and *Levin Irving Handy* for plaintiff.
*Andrew C. Gray* (of Ward, Gray and Neary) for defendant.
Superior Court, New Castle County, March Term, 1918.

ACTION CASE No. 72, January Term, 1917.

Action by Anna White against the Philadelphia, Baltimore and Washington Railroad Company. To plaintiff's declaration, defendant pleaded not guilty and release. Plaintiff entered general replications and issues. At the trial, plaintiff, after resting and after the defendant had introduced the release in evidence, moved to amend by filing a special plea of *non est factum*. Motion denied. Directed verdict for defendant. The plaintiff claimed that she had sustained personal injuries by reason of the negligence of the defendant company in suddenly starting its train, on

which she was a passenger, while she was alighting therefrom, at Mt. Pleasant station, on April 25, 1916. After proving the facts of the case, counsel for plaintiff rested. Counsel for defendant proved by one of the attesting witnesses the execution of a release by the plaintiff on May 5, 1916, by which, for the consideration therein named, the plaintiff released the defendant company from all claims for her personal injuries sustained while alighting from the train of the defendant at Mt. Pleasant station on the morning of April 25, 1916. The release was offered in evidence. Counsel for plaintiff claimed that the release bore the name of two subscribing witnesses, and insisted that the other witness should be called to prove its execution before it should be admitted in evidence.

BOYCE, J.:—[1]   The execution of the release may be proved by one of the subscribing witnesses though there be more than one. The objection is overruled and the release is admitted in evidence.

The defendant then closed. The plaintiff called in rebuttal the other witness to the release and by several questions propounded for that purpose sought to attack its execution by the plaintiff. Counsel for defendant objected for the reason that the plaintiff was estopped from attacking the release under general replications and issues to the pleas, and urged that if it was intended to attack the release some proper special replication should have been entered. *Wright v. Wilmington City Ry. Co.*, 2 *Marv.* 141, 42 *Atl.* 440.

Counsel for plaintiff asked to amend his pleadings so as to be permitted to offer the proof sought. The application was objected to as coming too late, citing *Wright v. Wilmington City Railway Co.*, 2 *Marv.* 141, 42 *Atl.* 440; *Woolman & Sullivan v. Zebley & Morris*, 1 *Houst.* 459.

CONRAD, J.:—[2]   Under these decisions, which are on all fours, we decline to allow you to amend.

Other questions respecting the execution of the release and its validity as such were objected to and ruled out.

The testimony was closed and the court was requested to give binding instructions to the jury to find a verdict for the defendant.

CONRAD, J. (instructing the jury):—Under the release introduced by the defendant, the court is constrained to instruct you to return a verdict for the defendant.

Verdict for defendant.